# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DR. MINA YUMUKOGLU,

      Plaintiff,

vs.                                                                Civ. No. 99-1245 BB/WWD

PROVIDENT LIFE & ACCIDENT INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Protective Order to block the taking of the deposition of Ralph Mohney, a high level executive in the defendant company. Mr. Mohney has no personal knowledge of the claim at issue in this cause. Defendant contends that Plaintiff should first exhaust less intrusive means of discovery before seeking to take Mr. Mohney's deposition. Plaintiff contends that Mr. Mohney knew of or designed certain of the claims practices and policies utilized by the Defendant in dealing with disability claims. Plaintiff contends that Defendant has acted in bad faith in denying Plaintiff's claim and that Defendant's practices, as initiated or implemented by Mr. Mohney, show that Defendant had acted in bad faith with a culpable mental state. Therefore, Plaintiff should be entitled to punitive damages as alleged. Defendant responds that "Mohney has given depositions in other cases wherein he has been questioned at length about Provident's claims handling practices and policies" and that the information Plaintiff seeks "can easily be obtained through Mohney's deposition transcript."

Defendant goes on to argue that these deposition transcripts "would be the most convenient, least burdensome, and least expensive means of discovering the information Plaintiff seeks to obtain."

*DISCUSSION*

Mr. Mohney is admittedly knowledgeable about Defendant's practices and policies in dealing with disability claims. Absent some sort of agreement or court order allowing the use of depositions from other lawsuits at the trial of this cause, I see no reason why Plaintiff should be forced to rely upon those depositions in preparing this lawsuit. Defendant obviously would be in a much stronger position if the transcripts it now seeks to rely upon had been tendered to Plaintiff at some time in this litigation; possibly in the initial disclosures. Given that there is apparently no denial of Mr. Mohney's being a witness in the matters where inquiry is being directed, I do not see that requiring some other approach to getting that information is necessary. Defendant has failed to show good cause why Plaintiff should not be allowed to proceed with the taking of Mr. Mohney's deposition in Chattanooga, Tennessee, the city in which he is employed.

**WHEREFORE,**

**IT IS ORDERED** that the deposition of Ralph Mohney shall be taken by the Plaintiff upon reasonable notice in Chattanooga, Tennessee.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order [docket no. 29] be, and it is hereby, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE