IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

Dr. MINA YUMUKOGLU,

      Plaintiff,

v.                                     No. CIV 99-1245 BB/WWD

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of Partial Summary judgment [Doc. #94]. The Court having reviewed the record and considered the briefs of the parties, FINDS the motion not persuasive and it will be Denied.

### Discussion

Plaintiff brings this motion under Federal Rule of Civil Procedure 59. In order to prevail on such a motion, Plaintiff may not rehash arguments previously considered, but must present evidence not previously available and offer insight not considered in granting summary judgment. *Benedictine College, Inc. v. Century*

*Office Products, Inc.*, 866 F. Supp. 1323 (D. Kan. 1994); *All West Pet Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co.*, 847 F. Supp. 858 (D. Kan. 1994). Plaintiff fails to meet this standard.

The essence of the motion is that "[t]he Court's February 2, 2001, Opinion does not reference any of the proof or arguments set out by the Plaintiff in his Response to Defendant's Motion. Instead, the Court references only Defendant's arguments, all of which were shown by Plaintiff's Response to be contextually inaccurate or distorted." Pl.'s Mot. at 1-2. In particular, Plaintiff argues that Provident relied only on the surveillance film and medical experts to whom it referred Plaintiff and ignored Plaintiff's experts. Plaintiff concludes "it is inherently unfair for any insurance company to obtain opinions from its own consultants, none of whom have examined an insured, to obtain the 'medical' basis needed to deny benefits." *Ibid.* at 5. While this argument has some logic to it, Plaintiff cites no legal precedent and his position appears directly contrary to New Mexico authority.

By focusing on only selected favorable facts, Plaintiff overlooks the applicable legal standard under which Provident only had to show that there was reasonable support for its position, which standard Provident met by presenting

2

the numerous medical reviews supporting its conclusion.  *Suggs v. State Farm Fire & Cas. Co.*, 833 F.2d 883, 890 (10th Cir. 1987); *Jackson Nat'l Life Ins. Co. v. Receconi*, 827 P.2d 118 (N.M. 1992).  While in other contexts, then, Plaintiff's demonstration of countervailing facts would be sufficient to withstand summary judgment, the standard for bad faith is different -- Defendant must have "no reasonable basis for denying the claim."  *Winters v. Transamerica Ins.*, 194 F.3d 1321, 1999 WL 699385 at 4 (10th Cir. 1999); *United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 709 P.2d 649, 654 (N.M. 1985).  *See also Estrada v. State Farm Mut. Automobile Ins. Co.*, 897 F. Supp. 321 (W.D. Tex. 1995); *Neal v. Superior Ins. Co.*, 432 S.E.2d 253 (Ga. App. 1993).

With the exception of Provident's nurse claims advisor, the opinions upon which Defendant relied were from outside medical providers retained to review Plaintiff's medical files.  Plaintiff makes no showing that these medical opinions were fraudulent or improperly motivated.  Rather, Plaintiff brings forward other opinions more favorable to Plaintiff, upon which Defendant could have relied to reach a different conclusion.  Plaintiff has failed to meet his burden under Rule 59.

**O R D E R**

For the above stated reasons, Plaintiff's motion for reconsideration is DENIED.

Dated at Albuquerque this 27th day of February, 2001.

                                                                                     _____
                                                                                     **BRUCE D. BLACK**
                                                                                     **United States District Judge**

**Counsel for Plaintiff:**
    L. Edward Glass, Albuquerque, NM
    Keith Franchini, Albuquerque, NM

**Counsel for Defendant:**
    Thomas L. Johnson